**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NANCY C. MANZ,<br><br>                    *Plaintiff*,<br><br>        v.<br><br>EILEEN GIAGRASSO, MANUELLA IGNASSIO, PATRICE KELLY, RICHARD MURPHY, MARY GOLDIN, and LORI RAFFINETTI,<br><br>                    *Defendants*. | Civil Action No.<br>**2:18-cv-05171 (JFB)(AYS)**<br><br><br>**DECLARATION OF MARY ELLEN DONNELLY IN OPPOSTION TO REQUEST FOR CERTIFICATE OF <u>DEFAULT</u>** |

    Mary Ellen Donnelly, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the foregoing is true and correct.

    1.    I am a member of the firm Putney, Twombly, Hall & Hirson LLP and an attorney duly admitted to practice law before this Court.  I submit this Declaration on behalf of defendants Eileen Giagrasso, Manuella Ignassio, Patrice Kelly, Richard Murphy, Mary Goldin, And Lori Raffinetti (collectively "Defendants"), in opposition to Plaintiff's application for a Certificate of Default.

    2.    Plaintiff was employed by South Nassau Communities Hospital ("SNCH"), as a part time Registered Nurse.  On June 20, 2018, Plaintiff was laid off from her position with SNCH as a result of a hospital-wide layoff.

    3.    On July 9, 2018, I received an email and an attorney demand letter from attorney Ralph Somma, Esq., who represented Plaintiff in connection with her layoff from SNCH.

    4.    Between July 9, 2018 and September 26, 2018, Mr. Somma and I engaged in several email and telephone communications regarding Plaintiff's layoff from SNCH.

5.      In the midst of those communications, on September 13, 2018, Plaintiff commenced this action by filing a Complaint in the United States District Court, Eastern District of New York. A true and accurate copy of Plaintiff's Complaint is attached as Exhibit A.

6.      Defendants received a copy of the Complaint on September 26, 2018.

7.      On October 3, 2018, I had another telephone conversation with Mr. Somma in connection with Plaintiff's layoff from SNCH. During that telephone conversation, Mr. Somma specifically represented to me that he had not been retained to represent Plaintiff, nor did he represent Plaintiff, in connection with this action. However, both Mr. Somma and I remained hopeful that we would be able to resolve both Plaintiff's claims with respect to her layoff and the claims asserted by Plaintiff in this action.

8.      On October 11, 2018, I provided Mr. Somma with additional information in connection with Plaintiff's layoff from SNCH.

9.      On October 23, 2018, Mr. Somma contacted me to discuss possible resolution of this matter.

10.     Also on October 23, 2018, Defendants' received Plaintiff's Request for a Certificate of Default. *See* Exhibit B.

11.     Since Mr. Somma and myself have not be able to reach resolution of Plaintiff's claims at this time, either with respect to Plaintiff's layoff from SNCH or the claims raised in this action, Defendants are prepared to fully defend themselves with respect to the claims raised by Plaintiff in this action. Accordingly, on October 23, 2018, Defendants' filed their Answer to the Complaint. A copy of the Answer is annexed as Exhibit C.

12.     The delay in filing the Answer on behalf of Defendants was due solely to the possibility that the parties would be able to reach resolution on all of Plaintiff's claims.

13.     Pursuant to the docket report in this matter, Defendants' Answer was due on October 17, 2018.  Accordingly, any delay in filing the Answer is de minimus and Plaintiff has not been prejudiced.


Dated:  October 23, 2018
        New York, New York

_____/s/MED_____
Mary Ellen Donnelly

# Exhibit A

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| _Nancy F. Manz_ | ) | |
| Plaintiff(s) | ) | |
| v. | ) | Civil Action No. RE218-CV-5171 (JFB)(AYS) |
| _Mary Goldin_ | ) | Manz v Giagrasso et Al |
| Defendant(s) | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Mary Goldin Director of Human Resources
South Nassau Community Hospital
One Healthy Way
Oceanside, NY 11572

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancy Manz
65 Greystone Road
Rockville Centre, NY 11570

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: SEP 2 5 2018

*Signature of Clerk or Deputy Clerk*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

*Nancy F. Manz*

_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Eileen Giagrasso, Manuella Ignacsio, Patricia Kelly, Mary Goldin, Lori Raffinelli, Richard Murphy

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: ☒ Yes ☐ No
*(check one)*

**RECEIVED**

SEP 13 2018

**EDNY PRO SE OFFICE**

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

# I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name    NANCY MANZ

Street Address    65 GREYSTONE Road

City and County    Rockville Centre

State and Zip Code    NY    11570

Telephone Number    (516) 766·6562

E-mail Address    cupcake72055@gmail.com

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name    Eileen Giagrasso

Job or Title (if known)    Nurse Manager @ South Nassau Community Hosp.

Street Address    One Healthy Way

City and County    Oceanside

State and Zip Code    NY    11572

Telephone Number    (516) 632·3000

E-mail Address (if known)

2

Defendant No. 2

Name — Manuella Ignassio

Job or Title (if known) — Nurse Manager at South Nassau Com. Hospel

Street Address — One Healthy WAy

City and County — Oceanside,

State and Zip Code — New York 11572

Telephone Number — 516 632 - 3000

E-mail Address (if known)


Defendant No. 3

Name — Patrice Kelly

Job or Title (if known) — OPeRative CaRe SuPervisor at South Nassau Com Hospetal

Street Address — One Healthy WAy

City and County — Oceanside, NY 11572

State and Zip Code

Telephone Number — 516 632 - 3000

E-mail Address (if known)


Defendant No. 4

Name — Richard Murphy

Job or Title (if known) — President and CFO South Nassau Com. Hospetal

Street Address — One Healthy WAy

City and County — Oceanside, NY 11572

State and Zip Code

Telephone Number — (516) 632 · 3000

E-mail Address (if known)


#5
Mary Goldin - Director of Human Resources SNCH 516 632 ·3000
Lori Raffinelli - Director of Patient Care Services 516 632 ·3000

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐   State or local officials (a § 1983 claim)

☐   Federal officials (a *Bivens* claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Federal Wiretap    18 USC  2510-2521

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

4

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

In the PACU of South NASSAU originating in Nurse MAnagers office

B.    What date and approximate time did the events giving rise to your claim(s) occur?

The illegal listening refered to in this Claim occured Sunday March 25. 2018. Between 9 AM and 3p

C.    What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

In March 27. 2018 I became aware through Conversation that Eileen Giagrasso on March 25 listened (As I believe was a Reqular practice) to my conversation and that of a Doctor who was giving a telephone Report of an operation post operatively. This Revalation ALARMed me and upset me. I knew it was illegal. She listened on An electronic intercom that was not known to Anyone in the room. On April 2nd. I reported this evidence of a felony to Mary Golden - Head of Human Resources and Lou Raffinelli. At the time I told them of many other instances that this criminal behavior affected other people. The Assured me that It would be investigated. It was not. Instead I was harrassed over 2 months with false allegations and on (over)

Jun 20 ~~Futus~~ my position was terminated
and I was laid off without cause.

I am accusing Eileen Giagrasso of eavesdropping
with an Electronic Device (without a warrent)

I am accusing Manuella Ignassio and
Patricia Kelly of participating in this practice.

I am accusing Mary Golden and Lori Raffinelli
of Harboring Felonous Behavior in a Hospital
as of April 2. 2018

I am accusing Richard Murphy of
harboring Felonous behavior in a hospital
as of July 9. 2018.

I am accusing the Putney Law firm of Deliberately
postponing communication with my ~~retired~~
Retained consel so that the Statute of
Limitations to Report this crime expires
(Putney Law firm ie Mary Ellen Donnelly)

## IV.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and
state what medical treatment, if any, you required and did or did not receive.

I was laid off for no cause after 28 years
in a Department that had 3 open positions

## V.  Relief

State briefly what you want the court to do for you.   Make no legal arguments. Do not
cite any cases or statutes.  If requesting money damages, include the amounts of any
actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis
for these claims.

I want the state to recover the $10.000.
I want the judge to recover punitive
Damages of my job loss and my
legal fees.

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an
improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law; (3) the factual contentions have
evidentiary support or, if specifically so identified, will likely have evidentiary support
after a reasonable opportunity for further investigation or discovery; and (4) the
complaint otherwise complies with the requirements of Rule 11.

## A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _9_ / _13_ , 20_18_

Signature of Plaintiff _____

Printed Name of Plaintiff _NANCEY F. MANZ_____

# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

*Nancy F. Manz*,
                                                Plaintiff(s),

-against-

*Eileen Giagrasso, Manuella Ignacio*
*Patrice Kelley, Mary Goldin*
*Lori Raffinelli, Richard Murphy*
                                                Defendant(s).

**REQUEST FOR**
**CERTIFICATE OF**
**DEFAULT**
18 -CV- 5171 (SFB)(AYS)

**RECEIVED**

OCT 22 2018

EDNY PRO SE OFFICE

TO:    DOUGLAS C. PALMER
       UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF NEW YORK

Please enter the default of defendant(s), *Eileen Giagrasso   Et Al*

pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or otherwise

defend this action as fully appears from the court file herein and from the attached affirmation of

_____

Dated:  10·22-2018

By: *Nancy F Manz*
    (Signature)

    *Nancy F. Manz*
    (Print name)

    *65 Greystone Road*
    (Address)

    *Rockville Centre NY 11570*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
\-------------------------------------------------------------X

NANCY F. MANZ ,

                            Plaintiff(s)

-against-

Eileen Giagrasso Et Al ,

                   Defendant(s).

\-------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF REQUEST FOR CERTIFICATE OF DEFAULT**

CV -   -  (  )

        Nancy F Manz _____ hereby declares as follows:

1.    I am the plaintiff in this action.

2.    This action was commenced pursuant to 42 U.S.C. 1983 / 18 USC 2510 - 2521

3.    The time for defendant(s), Eileen Giagrasso et A to answer or otherwise move with respect to the complaint herein has expired.

4.    Defendant(s), Eileen Giagrasso et A has not answered or otherwise moved with respect to the complaint, and the time for defendant(s) Eileen Giagrasso Et A to answer or otherwise move has not been extended.

5.    That defendant(s) Eileen Giagrasso et A is not an infant or incompetent. Defendant(s) Eileen Giagrasso et A is not presently in the military service of the United States as appears from facts in this litigation.

6.    Defendant(s) Eileen Giagrasso et A is indebted to plaintiff, _____, in the following manner (state the facts in support of the claim(s)):

On the Mar On March 27, 2018 I became aware through Conversation that Eileen Giagrasso on March 25, 2018

listened (as I believe was a regular practice) to my conversations with colleagues and a Doctor who was giving a telephone postoperative report to a patients family member. This revelation alarmed me and upset me. I knew that this was illegal practice. She listened on a electronic device that was not known to anyone in the room. On April 2nd, I reported this evidence of a felony (NY State) to Mary Goldin (Dept Head Humm Resources) and Lori Roffinelli (Ethics Committee SNCH). At the time I told them about many other instances that this criminal behavior (see Attached)

WHEREFORE, plaintiff _Nancy F. Manz_ requests that the default of defendant(s) _Eileen Giagrasso Et Al_ be noted and a certificate of default issued.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to plaintiff, and that no part thereof has been paid.

Dated:

_10/22/2018_

By: _Nancy F Manz_
(Signature)
(Print Name of Plaintiff Pro Se)
(Address)
(Telephone Number)
(E-mail address)

_Nancy F. Manz_
_65 Greystone Road_
_Rockville Centre NY 11570_

_Home (516) 766-6562_
_Cell (516) 425-8647_

_Email nancy.manz55@gmail.com_

(1st page of attachment)
affected other employees in our department (PACU at SRCH)

Ms Goldin and Ms Raffinelli, after this 90 minute meeting wherby I gave evidence that Manuella, Ignacio, Patrice Kelly and Eileen where aware, and participated in this behavior on a Regular basis.

Ms Goldin and Ms Raffinelli assured me that this crime would be investigated. Infact they thanked me for the report saying "You saw Something and said Something" "that it what we want."

However, this "Eavesdropping" on March 24 2018 which occured for 6 Hours from 9amuntil after 2:30 pm, was never investigated.

Instead, I was harrassed over 2 months by Mary Goldin, Patricia Kelly and Manuella Ignacio with false statements and lies.

On June 20. 2018 my position was terminated and I was laid off without cause.
Our department had 3 open positions, I was not offered any of them. Of the 138 people laid off, I was the only direct patient care position eliminated in the hospital.
The Hospital had told its board that no patient care RNs would be eliminated

(2nd page)

I am accusing Eileen Giagrasso of "eavesdropping" with an electronic device without a warrant.

I am accusing Manuella Ignacio and Patrice Kelly of participating in this practice. I also am accusing them of harboring felonous behavior of Eileen Giagrasso on the date of March 24, 2018 and conspiring to cover up the crime.

I am accusing Mary Coldin and Lori Roffinelle of Harboring the felony of Eileen Giagrasso and Patrice Kelly and Manuella Ignacio as of April 2, 2018 (on or about)

I am accusing Richard Murphey, CFO of South Nassau Community Hospital (SNCH) of harboring the felonous behavior of Eileen Giagrasso, Patrice Kelly, Manuella Ignacio and others possibly others.

No signs were ever posted, as is the law, that areas could be under Audio Surveillance.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

_Nancy F. Manz_
                                        Plaintiff(s),

                                                    **CERTIFICATE OF**
                                                    **DEFAULT**

                -against-                            **CV -    - (  )**

_Eileen Giagrasso, Manuela Ignacio_
_Patricia Kelly, Mary Golden_ Defendant(s).
_Lori Raffinelli, Richard Murphy_

I, Douglas C. Palmer, Clerk of Court of the United States District Court for the Eastern

District of New York, do hereby certify that the defendant _Eileen Giagrasso et Al_

has not filed an answer or otherwise moved with respect to the complaint herein. The default of

defendant _Eileen Giagrasso et al_ is hereby noted pursuant to Rule 55(a) of the Federal Rules

of Civil Procedure.

Dated:                  , New York
                        , 20____

                            DOUGLAS C. PALMER, Clerk of Court

                    By: _____
                                Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

Plaintiff(s),

*Nancy F. Manz*

-against-

*Eileen Giagrasso, Et Al*

Defendant(s).

AFFIRMATION OF SERVICE

_____-CV-_____(    )(    )

----------------------------------------------------X

I  *Nancy F. Manz*  , declare under penalty of perjury that I have

served a copy of the attached  *Request for Certificate of Default.*

upon  *Eileen Giagrasso, Manuela Igracio, Patrick Kelly, Mary Golden*
*Lori Raffinelli, Richard Murphy*
by mailing it to _____

whose address is:  *South Nassau Community Hospital*

_____

_____

Dated:  *10 - 22*, 20 *18*
Central Islip, New York

*Nancy Manz*
Signature

*65 Greystone Road*
Address

*Rockville Centre NY*
*11570*
City, State & Zip Code

# Exhibit C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| |
|---|
| NANCY C. MANZ,<br><br>*Plaintiff*,<br><br>v.<br><br>**EILEEN GIAGRASSO, MANUELLA IGNASSIO, PATRICE KELLY, RICHARD MURPHY, MARY GOLDIN, and LORI RAFFINETTI,**<br><br>*Defendants*. |

Civil Action No.
**2:18-cv-05171 (JFB)(AYS)**


<u>ANSWER</u>

Eileen Giagrasso, Manuella Ignassio, Patrice Kelly, Richard Murphy, Mary Golden, incorrectly sued herein as Mary Goldin, and Lori Raffinetti (collectively, "Defendants"), by and through its attorneys, Putney, Twombly, Hall & Hirson LLP, as and for its Answer to the Complaint filed by Nancy C. Manz ("Plaintiff"), dated September 25, 2018 (the "Complaint"), in the above-captioned action state as follows:

<u>**PARTIES TO THE COMPLAINT**</u>

I.A.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's address.

I.B.(1) Admit that defendant Eileen Giagrasso is employed by South Nassau Communities Hospital ("SNCH").

I.B.(2) Admit that defendant Manuella Ignassio is employed by South Nassau Communities Hospital ("SNCH").

I.B.(3) Admit that defendant Patrice Kelly is employed by South Nassau Communities Hospital ("SNCH").

I.B.(4) Admit that defendant Richard Murphy is employed by South Nassau Communities Hospital ("SNCH").

I.B.(5) Admit that defendant Mary Golden, incorrect sued here as Mary Goldin, is employed by South Nassau Communities Hospital ("SNCH").

I.B.(6) Admit that defendant Lori Raffinetti is employed by South Nassau Communities Hospital ("SNCH").

## BASIS FOR JURSIDICTION

II.B.     Deny the allegations contained in Paragraph II.B. except admit that Plaintiff purports to proceed as stated therein.

## STATEMENT OF CLAIM

III.A.   Deny each and every allegation contained in Paragraph III.A. of the Complaint.

III.B.   Deny each and every allegation contained in Paragraph III.B. of the Complaint.

III.C.   Deny each and every allegation contained in Paragraph III.C. of the Complaint and every subpart there of.

## INJURIES

IV.     Deny each and every allegation contained in Paragraph IV.A. of the Complaint.

## RELIEF

V.     Deny each and every allegation contained in Paragraph IV.A. of the Complaint.

## AS AND FOR A FIRST DEFENSE

1.     The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

2.     The Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

3.     Any and all actions taken by Defendants were based on legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A FOURTH DEFENSE

4.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver and estoppel.

## AS AND FOR A FIFTH DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A SIXTH DEFENSE

6.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands.

## AS AND FOR A SEVENTH DEFENSE

7.     Any damages or loss sustained by Plaintiff were caused solely by the culpable conduct on the part of Plaintiff.

8.     Plaintiff is therefore not entitled to recover.

## AS AND FOR AN EIGTH DEFENSE

9.     Plaintiff cannot state a claim under the Electronic Communications Privacy Act of 1986 (ECPA), since any and all calls monitored by SNCH were done so during the normal course of business operations.

Dated:     October 23, 2018
           New York, New York


                              _____/s/MED_____
                              Mary Ellen Donnelly
                              PUTNEY, TWOMBLY, HALL & HIRSON LLP
                              521 Fifth Avenue

New York, New York  10175
(212) 682-0020
(212) 682-9380 (fax)

*Attorney for Defendants*