**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

NANCY MANZ,

Plaintiff,

v. : 18-CV-05171 (JFB) (AYS)

EILEEN GIAGRASSO, MANUELLA IGNASSIO, PATRICE KELLY, MARY GOLDEN, LORI RAFFINELLI, and RICHARD MURPHY,

Defendants.

-------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**PUTNEY, TWOMBLY, HALL & HIRSON LLP**
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

*Attorneys for Defendants*

Of Counsel: Mary Ellen Donnelly
Noorin Hamid

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

FACTS AND PROCEDURAL BACKGROUND ........ 1

ARGUMENT ........ 2

POINT I THE LEGAL STANDARD ........ 2

POINT II PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS FUTILE ........ 3

A. The Applicable Standard ........ 3

B. *Twombly* and *Iqbal* Pleading Standards ........ 4

C. Plaintiff Has Not Alleged Facts to Support a Claim of NYLL §741 ........ 5

D. Plaintiff Does Not Have Standing To Bring A Claim Under N.Y. Penal Law §250.5 ........ 8

E. Plaintiff Cannot Allege a Claim Under the Whistleblower Protection Act ........ 9

F. The Proposed Amended Complaint Is Futile As To South Nassau Community Hospital ........ 9

CONCLUSION ........ 11

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Alexander v. Westbury Union Free Sch. Dist.*
829 F. Supp 2d 118 (E.D.N.Y. 2011) ....................3

*Alekperova v. Interfaith Med. Ctr.*,
No. 04-CV-202, 2006 WL 8439666 (E.D.N.Y. Aug. 8, 2006)....................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................... 4-5, 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................4, 10

*Bowens v. Corr. Ass'n of New York*,
No. 19CV1523PKCCLP, 2019 WL 1586857 (E.D.N.Y. Apr. 12, 2019)....................9

*Conforti v. Sunbelt Rentals, Inc.*,
201 F. Supp. 3d 278 (E.D.N.Y. 2016) .................... 3-4

*DeJesus v. Sears, Roebuck & Co., Inc.*,
87 F.3d 65 (2d Cir. 1996)....................5

*Dougherty v. Meml. Sloan-Kettering Cancer Ctr.*,
2002 WL 1610916 (S.D.N.Y. July 22, 2002) .................... 6

*Dougherty v. Town of N. Hempstead*,
282 F.3d 83 (2d Cir. 2002)....................3, 4

*Ghaly v. U.S. Dep't of Agric.*,
228 F. Supp. 2d 283 (S.D.N.Y. 2002)....................9

*Gorzynski v. JetBlue Airways Corp.*,
596 F.3d 93 (2d Cir. 2010)....................5

*John Hancock Mutual Life Ins. Co. v. Amerford International Corp.*,
22 F.3d 458 (2d Cir. 1994)....................3

*Journal Pub. Co. v. Am. Home Assur. Co.*,
771 F. Supp. 632 (S.D.N.Y. 1991) ....................4

*LaPorte v. Greenwich House*,
No. 09 CIV. 6645 (NRB), 2010 WL 1779342 (S.D.N.Y. Apr. 26, 2010)....................8

*Lopez-Serrano v. Rockmore*,
132 F. Supp. 3d 390 (E.D.N.Y. 2015) ....................4

*Love v. Premier Util. Servs., LLC*,
No. 15-CV-5698(ADS) (ARL), 2017 WL 2418268 (E.D.N.Y. June 3, 2017) ....................3

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir.2007) ....................3

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*,
507 F.3d 117 (2d Cir. 2007) ....................5

*Quintanilla v. Suffolk Paving Corp.*,
No. CV 09-5331 (AKT), 2019 WL 885933 (E.D.N.Y. Feb. 22, 2019) .................... 5-6

*Ricciuti v. N.Y.S. Trans. Auth.*,
941 F.2d 119 (2d Cir. 1991) ....................4

*Ruhling v.* Tribune Co.
2007 WL 28283 (E.D.N.Y. Jan. 3, 2007) ....................7

*Ruffolo v. Oppenheimer & Co.*,
987 F.2d 129 (2d Cir. 1993) ....................3

*Stoddard v. Eastman Kodak Co.*
3096 F. App'x 480 (2d Cir. 2009) ....................7

*Vasile v. Dean Witter Reynolds Inc.*,
20 F. Supp. 2d 465 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000) ....................8

**Statutes**

N.Y. LAB. LAW § 741 .................... *passim*

NY Penal Law § 250.5 ....................1, 8

5 U.S.C. §1213 ....................1

**Other Authorities**

Fed. R. Civ. P. 12 ....................3, 5

Federal Rule of Civil Procedure 8(a)(2) ....................4, 5

Federal Rule of Civil Procedure 15(a) ....................2

Rule 12(b)(6) ....................3, 4

**PRELIMINARY STATEMENT**

Defendants, Eileen Giagrasso ("Ms. Giagrasso"), Manuella Ignassio ("Ms. Ignassio"), Patrice Kelly("Ms. Kelly"), Mary Golden ("Ms. Golden"), Lori Raffinelli ("Ms. Raffinelli"), and Richard Murphy ("Mr. Murphy"), (collectively "Defendants"), by and through their attorneys Putney, Twombly, Hall & Hirson LLP, respectfully submit this memorandum of law in opposition to Plaintiff's motion for leave to file an Amended Complaint in the within action. Plaintiff seeks leave from the Court to amend her Complaint to add causes of action under the: 1) New York State Labor Law Section §741 ("NYLL §741"); 2) New York State Penal Law § 250.5 ("NY Penal Law"); and 3) United States Whistleblower Protection Act, 5 U.S.C. §1213 ("WPA"). In addition to the above, Plaintiff seeks leave to add South Nassau Community Hospital ("SNCH") as a named defendant in this action. Plaintiff's proposed Amended Complaint does not assert any cognizable claims and such amendment would be futile. Accordingly, Plaintiff's motion for leave to file an amended complaint should be denied in its entirety.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiff commenced employment with SNCH on March 5, 1990 as a per diem Registered Nurse. Plaintiff remained employed by SNCH until June 20, 2018 at which time the Hospital laid off Plaintiff as part of a Hospital-wide reduction in force. On June 20, 2018, Plaintiff executed a Settlement Agreement, pursuant to which Plaintiff released all claims against the Hospital.

On September 25, 2018, Plaintiff commenced this action in the United States District Court, Eastern District of New York by filing the original Complaint against Defendants. Plaintiff's Complaint alleges that on March 25, 2018, Ms. Giagrasso listened, via an intercom, to a post-operative report Plaintiff was giving to a physician regarding a patient. Complaint ¶ C.

Plaintiff alleges that she became aware of the "eavesdropping" on March 27, 2018 and reported it to Ms. Golden and Ms. Raffinelli on April 2, 2018. Complaint ¶ C. Plaintiff further asserts that she was harassed as a result of her complaint and laid off on June 20, 2018. Complaint ¶ C. Ultimately, Plaintiff asserts that Ms. Giagrasso eavesdropped on an electronic device without a warrant and that Ms. Ignassio and Ms. Kelly allegedly participated in this practice in violation of NY Penal Law. Plaintiff also asserts that Ms. Golden, Ms. Raffinelli and Mr. Murphy harbored felonious behavior. Plaintiff's Complaint alleges no other facts as to any conduct of the Defendants.

On March 25, 2019, the parties appeared before the Court for an Initial Conference. At the conference, Plaintiff advised the Court of her intention to file an Amended Complaint. By Order dated March 25, 2019, Plaintiff was required to serve Defendants with a Proposed Amended Complaint by April 8, 2019. Defendants were required to advise Plaintiff and the Court if they consented to the proposed Amended Complaint no later than April 15, 2019. By letter dated April 15, 2019, Defendants advised the Court that they would not consent to Plaintiff's Amended Complaint. Plaintiff filed a letter on April 23, 2019, seeking a pre motion conference to obtain permission to file an Amended Complaint. On May 2, 2019, the Court issued an Order waiving the pre motion conference requirement and directing Defendants to respond to Plaintiff's request for leave to amend the Complaint.

## ARGUMENT

## POINT I

## THE LEGAL STANDARD

This Court should deny Plaintiff's motion to amend the Complaint. While Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so

requires," it does not permit amendment without restraint. *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007). In determining whether to grant leave to amend a complaint, the Court considers factors such as undue delay, futility of the proposed amendments and prejudice to the defendants. *Love v. Premier Util. Servs., LLC,* No. 15-CV-5698(ADS) (ARL), 2017 WL 2418268, at *2 (E.D.N.Y. June 3, 2017) citing *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 118 (E.D.N.Y. 2011). It is not an abuse of discretion to deny leave "[w]here it appears that granting leave to amend is unlikely to be productive." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Since Plaintiff's proposed amendments to the Complaint are futile, Plaintiff's motion to amend should be denied in its entirety.

## POINT II

## PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS FUTILE

### A. The Applicable Standard

The Court may deny a motion for leave to amend a complaint if the proposed amendment is futile. *John Hancock Mutual Life Ins. Co. v. Amerford International Corp.,* 22 F.3d 458, 462 (2d Cir. 1994); *Alekperova v. Interfaith Med. Ctr.,* No. 04-CV-202, 2006 WL 8439666, at *2 (E.D.N.Y. Aug. 8, 2006) (holding that futility of the amendment is a reason to deny leave to amend). In determining the futility of the amendment, the Court should analyze the amendments under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12. *Dougherty v. Town of N. Hempstead*, 282 F.3d 83, 88 (2d Cir. 2002) ("an amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)"); *See also, Love v. Premier Util. Servs., LLC,* No. 15-CV-5698(ADS)(ARL), 2017 WL 2418268, at *2 (E.D.N.Y. June 3, 2017); *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 399 (E.D.N.Y. 2015). An

analysis of Plaintiff's proposed Amended Complaint demonstrates that her proposed amendments would fail to withstand a motion to dismiss and amendment of the Complaint would be futile.

Where a proposed amendment complaint cannot withstand a motion dismiss, the Court must deny a motion for leave to amend as futile. *Ricciuti v. N.Y.S. Trans. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *Journal Pub. Co. v. Am. Home Assur. Co.,* 771 F. Supp. 632, 635 (S.D.N.Y. 1991). In determining whether a proposed amendment to a complaint is futile, the Court may consider whether the amendments are sufficient on the merits. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *Journal Pub. Co. v. Am. Home Assur. Co.,* 771 F. Supp. 632, 635 (S.D.N.Y. 1991). Plaintiff seeks to amend the Complaint to add three additional causes of action. A review of each of the proposed claims demonstrates that Plaintiff cannot sustain any of the causes of action. Since Plaintiff's proposed amendments to the Complaint are without merit and allowing Plaintiff to amend the complaint would be futile

**B. *Twombly* and *Iqbal* Pleading Standards**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 545-55. To survive a Rule 12(b)(6) motion, a complaint must set forth sufficient factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. Specifically, a complaint either must contain sufficient factual matter to state a claim to relief

that is plausible on its face or it must be dismissed. *Iqbal*, 556 U.S. at 678. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2); *Iqbal*, 556 U.S. at 679.

Plaintiff's proposed Amended Complaint is insufficient as it fails to allege the requisite elements of the claims asserted. Plaintiff's proposed Amended Complaint does not allege facts which actively and plausibly suggest that the allege violations of the law occurred since it fails to allege the requisite elements of the claims asserted. *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,* 507 F.3d 117, 121 (2d Cir. 2007). Instead, the proposed Amended Complaint merely sets forth conclusory allegations which are insufficient to withstand a motion to dismiss. *See, DeJesus v. Sears, Roebuck & Co., Inc.,* 87 F.3d 65, 70 (2d Cir. 1996) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions" were not sufficient to withstand a motion to dismiss).

**C. Plaintiff has not Alleged Facts Sufficient to Support a Claim under NYLL §741**

Plaintiff's retaliation claim under NYLL §741 is without merit and cannot not withstand a motion to dismiss. Plaintiff's proposed Amended Complaint fails to set forth sufficient facts to plead a viable retaliation claim under the NYLL §741. Plaintiff does not and cannot allege any facts that would, if proven, establish either that she engaged in protected activity under NYLL §741 or a causal connection between any protected activity and any adverse action taken against her. Plaintiff does not allege any facts that plausibly suggest that: (1) she participated in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between her engaging in the protected activity and the adverse employment action. *Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 110 (2d Cir. 2010); *Quintanilla v. Suffolk*

*Paving Corp.,* No. CV 09-5331 (AKT), 2019 WL 885933, at *19 (E.D.N.Y. Feb. 22, 2019) (applying the Title VII retaliation standards to NYLL claims); *Dougherty v. Meml. Sloan-Kettering Cancer Ctr.*, 2002 WL 1610916 (S.D.N.Y. July 22, 2002) (applying Title VII retaliation standards to NYLL claims). Accordingly, Plaintiff's motion to amend her Complaint to include a claim for retaliation under NYLL §741 is futile and must be denied.

Under the NYLL § 741 employers are prohibited from retaliating against an employee who:

> (a) discloses or threatens to disclose to a supervisor, or to a public body an activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care; or
>
> b) objects to, or refuses to participate in any activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care.

N.Y. LAB. LAW § 741(2). In order to state a claim under NYLL § 741 (2) (a), Plaintiff must allege conduct that constitutes improper quality of patient care. Improper quality of patient care is defined as "any practice, procedure, action or failure to act of an employer which violates any law, rule, regulation or declaratory ruling adopted pursuant to law, where such violation relates to matters which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient." N.Y. LAB. LAW § 741 (d). Plaintiff's proposed Amended Complaint fails to state a claim under NYLL § 741.

Plaintiff's proposed Amended Complaint fails to allege that she engaged in activity that is protected under NYLL §741. The proposed Amended Complaint alleges that Plaintiff was terminated in retaliation for complaining about alleged eavesdropping by Ms. Giagrasso, who was the Nurse Manager of Plaintiff's unit and Plaintiff's direct supervisor. Specifically, Plaintiff asserts that Ms. Giagrasso listened in on a conversation during which health information about

patient was disclosed to the patient's family. Plaintiff alleges that this was a HIPAA violation which she reported as a "whistleblowing event" to her supervisors. Plaintiff does not allege conduct that constitutes "improper patient care" as defined under NYLL § 741. The violation alleged by Plaintiff in her proposed Amended Complaint is not one where there was either a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient. Moreover, Plaintiff does not allege that she believed the alleged HIPAA violation posed a substantial and specific danger to public health, or a specific patient. Accordingly, Plaintiff's complaints regarding an alleged HIPAA violation do not fall under the protections of NYLL § 741. Plaintiff's proposed amended complaint does not assert *any* facts that allege an activity by Plaintiff that would constitute protected activity under NYLL § 741.

Furthermore, Plaintiff's proposed Amended Complaint does not identify ***sufficient*** facts regarding an alleged causal connection between any protected activity and any adverse action taken against her. Instead, Plaintiff merely asserts conclusory allegations that she was treated unfairly by Defendants. Plaintiff further asserts that despite two patient complaints, the disciplinary action she received was without basis in fact. Plaintiff's position was then eliminated as part of a Hospital-wide reduction in force, Plaintiff relies on the temporal proximity between her alleged complaint and the elimination of her position which occurred over than two months later. Periods of longer than two months do not establish a causal connection indicative of retaliation. See, *Stoddard v. Eastman Kodak Co.,* 309 F. App'x 475, 480 (2d Cir. 2009) (Plaintiff failed to established a causal connection between her protected activity and elimination of her position where the protected activity took place two months prior); *Ruhling v. Tribune Co.,* 2007 WL 28283, at *23 (E.D.N.Y. Jan. 3, 2007). Plaintiff does not allege a causal connection between her complaint and any purported adverse employment action. In sum, Plaintiff fails to offer

sufficient factual allegations to support her claims of retaliation. Instead, Plaintiff relies on guesswork and unsupported conclusions in an attempt to bring this new cause of action. Plaintiff fails to allege a claim under NYLL § 741. Accordingly, Plaintiff's proposed claims of retaliation should be rejected and her motion for leave to amend the Complaint be denied as futile.

**D. Plaintiff Does Not Have Standing To Bring A Claim Under N.Y. Penal Law §250.5**

Plaintiff's proposed Amended Complaint also attempts to assert a claim under N.Y. Penal Law §250.5, for unlawful surveillance in the first degree, a class D felony. Plaintiff cannot bring a civil claim for an alleged criminal offense. In general, there is no private right of action for matters which are punishable as criminal offenses, unless otherwise provided by statute. *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 477 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000) ("it is also a general precept of criminal law that unless the statute specifically authorizes a private right of action, none exists."). Claims alleging criminal activity cannot be brought by a civil claimant. *LaPorte v. Greenwich House,* No. 09 CIV. 6645 (NRB), 2010 WL 1779342, at *3 (S.D.N.Y. Apr. 26, 2010). Plaintiff has failed to demonstrate any private right of action under N.Y. Penal Law §250.5. For the foregoing reasons, Plaintiff proposed amendment cannot withstand a motion to dismiss and Plaintiff's motion for leave to amend to include a claim under the New York Penal Code is futile.

**E. Plaintiff Cannot Allege a Claim Under the Whistleblower Protection Act**

Plaintiff's proposed Amended Complaint also seeks to include a claim under the WPA. The WPA provides federal agency employees with protection against agency retaliation for the employee's disclosure of information about dishonest or illegal conduct by a federal government agency. *Ghaly v. U.S. Dep't of Agric.,* 228 F. Supp. 2d 283, 289 (S.D.N.Y. 2002). The

protections of the WPA apply only to federal government employees. *Bowens v. Corr. Ass'n of New York,* No. 19CV1523PKCCLP, 2019 WL 1586857, at *4 (E.D.N.Y. Apr. 12, 2019) ("WPA only protects *federal government employees* from threatened or actual retaliatory action based on the disclosure of information about dishonest or illegal activities occurring within a federal government entity"). Plaintiff's proposed claim under the WPA cannot withstand a motion to dismiss since the WPA does not apply to Plaintiff or Defendants. Plaintiff's proposed Amended Complaint does not and cannot allege that she is a federal employee or that any of the Defendants are part of a federal government agency. WPA protections do not extend to Plaintiff or any alleged protected activity. For the foregoing reasons, Plaintiff proposed amendment cannot withstand a motion to dismiss and Plaintiff's motion for leave to amend to include a claim under the WPA is futile.

### F. The Proposed Amended Complaint Is Futile <u>As To South Nassau Community Hospital</u>

Plaintiff's proposed Amended Complaint seeking to add SNCH as a Defendant must also be denied.

Plaintiff asserts that SNCH is a "coconspirator" in the violations of her civil rights and HIPAA. Plaintiff fails to allege any facts which support any claim against SNCH and therefore, does not meet the *Twombly* and *Iqbal* pleading standards. The lack of factual allegations does not provide SNCH with "fair notice of what the ….claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Plaintiff simply concludes that SNCH is a "coconspirator" without more. Plaintiff's bare assertions are devoid of factual enhancement and insufficient to meet the pleading standard under the Federal Rules of Civil Procedure. *Iqbal*, 556 U.S. at 678.

SNCH may not be added as a party to this action based on a single conclusory allegation. Since Plaintiff has failed to allege facts which plausibly suggest that violations of the law occurred, she has failed to state a claim against SNCH. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the reasons stated above, Plaintiff's proposed Amended Complaint does not assert any cognizable claims and Plaintiff's motion for leave to file an amended complaint should be denied in its entirety as futile.

Dated: New York, New York
May 30, 2019

Respectfully submitted,

__________/s/ MED_________________

Mary Ellen Donnelly
Noorin Hamid
Putney, Twombly, Hall & Hirson LLP
521 Fifth Avenue
New York, New York 10175