PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
THOMAS A. MARTIN
WILLIAM M. POLLAK
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
MARY ELLEN DONNELLY
GEOFFREY H. WARD
E. PARKER NEAVE
MARK A. HERNANDEZ
PHILIP H. KALBAN
JEROME P. COLEMAN
BARBARA M. MAISTO
CARYN B. KEPPLER
MICHAEL D. YIM
MARIANNE CALABRESE

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX: (212) 682-9380
PUTNEYLAW.COM

328 NEWMAN SPRINGS ROAD
RED BANK, NEW JERSEY 07701
(732) 379-6020
TELEFAX: (732) 345-9444

1225 FRANKLIN AVENUE, SUITE 200
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

2000 GLADES ROAD
SUITE 300
BOCA RATON, FLORIDA 33431
(800) 935-8480
TELEFAX: (561) 613-4100

COUNSEL
CHARLES J. GROPPE
THOMAS M. LAMBERTI
HARVEY I. SCHNEIDER
ANDREA HYDE

December 10, 2019

**VIA ECF**
Hon. Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    <u>Nancy Manz v. Eileen Giagrasso, Manuella Ignassio, Patrice Kelly, Richard Murphy, Mary Goldin, Lori Raffinello, and South Nassau Communities Hospital, E.D.N.Y. Civil Action No. 18-cv-05171</u>

Dear Judge Seybert:

    This firm represents the Defendants, South Nassau Communities Hospital (the "Hospital"), Eileen Giagrasso, Manuella Ignassio, Patrice Kelly, Richard Murphy, Mary Goldin and Lori Raffinello (collectively, the "Defendants"), in the above-referenced matter. In accordance with Your Honor's Individual Practice Rules, we write to request a pre-motion conference to obtain permission to file a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff Nancy Manz's Amended Complaint (ECF No. 39) in its entirety.

    In the Amended Complaint, Plaintiff alleges that Defendant Giagrasso violated the Federal Wiretap Act ("FWA"), 18 U.S.C. §§ 2510-2521, by allegedly listening to Plaintiff's conversations on an electronic device and that Defendants retaliated against her for reporting this eavesdropping in violation of New York Labor Law ("NYLL") Section 741, N.Y. Lab. Law § 741. All of Plaintiff's claims fail as a matter of law and the Amended Complaint should be dismissed.

    I.    **Factual Background**

    Plaintiff commenced employment with the Hospital on March 5, 1990 as a per diem Registered Nurse. Plaintiff remained employed by the Hospital until June 20, 2018, at which time the Hospital laid off Plaintiff as part of a Hospital-wide reduction in force. On June 20, 2018, Plaintiff executed a Settlement Agreement, pursuant to which Plaintiff released all claims against the Hospital.

Hon. Joanna Seybert
December 10, 2019
Page 2

On September 25, 2018, Plaintiff commenced this action in the United States District Court, Eastern District of New York by filing the original Complaint against defendants, Eileen Giagrasso, Manuella Ignassio, Patrice Kelly, Richard Murphy, Mary Goldin, and Lori Raffinello, (collectively, the "individual Defendants") alleging that they violated the FWA. (ECF No. 1). The individual Defendants filed an Answer on October 23, 2018. (ECF No. 9). At the initial conference on March 25, 2019, Plaintiff requested permission to file an Amended Complaint. The individual Defendants opposed Plaintiff's request to amend her Complaint. (ECF No. 19, 24).

On November 14, 2019, Magistrate Judge Shields granted Plaintiff's motion to add the Hospital as a defendant and add a claim pursuant to NYLL Section 741. Plaintiff filed her Amended Complaint on November 18, 2019 (the "Amended Complaint"). (ECF No. 39).

## II. Plaintiff's Claim Under the Federal Wiretap Act Fails as a Matter of Law

Plaintiff's conclusory allegations fail to set forth sufficient factual allegations to survive a motion to dismiss. The FWA prohibits a person from intentionally using or endeavoring to use "any electronic, mechanical, or other device to intercept any oral communication" when such use "takes place on the premises of any business . . . which affect interstate or foreign commerce." 18 U.S.C. § 2511(1)(b); s*ee Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 140 (E.D.N.Y. 2010). Plaintiff cannot demonstrate a claim under the FWA. Plaintiff asserts that Defendant Giagrasso "listened on an electronic device" and that "audio surveillance" was used by Defendants Kelly, Ignassio and Giagrasso. (ECF No. 39). These vague and illusory allegations are insufficient to state a claim for a violation of the FWA and Plaintiff's claim should be dismissed in its entirety.

## III. Plaintiff Does Not State A Cognizable Claim under NYLL Section 741

To state a claim under NYLL Section 741, Plaintiff must allege that: (1) she participated in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between her engaging in the protected activity and the adverse employment action. *See Dougherty v. Meml. Sloan-Kettering Cancer Ctr.*, 2002 WL 1610916 (S.D.N.Y. July 22, 2002) (analyzing a NYLL Section 740 retaliation claim); *see also Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010); *Quintanilla v. Suffolk Paving Corp.,* No. CV 09-5331 (AKT), 2019 WL 885933, at *19 (E.D.N.Y. Feb. 22, 2019) (applying the Title VII retaliation standards to NYLL claims). Plaintiff fails to allege that she participated in any protected activity. NYLL Section 741 protects employees who disclose an employer's activity or practice that "the employee, in good faith, reasonably believes constitutes improper quality of patient care" from retaliation by their employer. N.Y. Lab. Law § 741. Improper quality of patient care is defined as "any practice, procedure, action or failure to act of an employer which violates any law . . . which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient." N.Y. Lab. Law § 741(1)(d).

Plaintiff's Amended Complaint is devoid of any allegations sufficient to state a claim under NYLL Section 741. Plaintiff alleges that Defendants Giagrasso, Kelly, and Ignassio eavesdropped on her and other employees' conversations, and that Defendant Giagrasso listened to a doctor's telephonic post-operative report. (ECF No. 39). Plaintiff claims she reported this conduct to her

Hon. Joanna Seybert
December 10, 2019
Page 3

supervisors. (ECF No. 39). However, Plaintiff cannot demonstrate any substantial threat to public health or safety or the health of a patient. *Freese v. Willa*, 89 A.D.3d 795, 932 N.Y.S.2d 512 (2d Dep't 2011) (affirming dismissal when "the complaint does not allege a violation which would threaten the health or safety of the public at large"); *Pipia v. Nassau County*, 34 A.D.3d 664, 666, 826 N.Y.S.2d 318, 319-20 (2d Dep't 2006) (dismissing NYLL Sections 740 and 741 claims when the violation "did not pose a substantial and specific danger to the public health"). Therefore, Plaintiff's reporting of eavesdropping was not a protected activity under NYLL Section 741.

Plaintiff's NYLL Section 741 claim is also deficient because she has failed to allege any facts connecting her reporting and her layoff. To state a claim under NYLL Section 741, a plaintiff must allege "some causal connection between an adverse personnel action and a report of dangerous activity." *Varughese v. Mount Sinai Med. Ctr.*, 2015 WL 1499618, at * 67-68 (S.D.N.Y. Mar. 25, 2015). A plaintiff's mere conclusory allegations are insufficient to withstand a motion to dismiss. *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996). Plaintiff was laid off as part of a hospital-wide reduction in force. Plaintiff cannot demonstrate any causal nexus and her NYLL Section 741 claim should be dismissed.

For the reasons set forth herein, Defendants respectfully request that Your Honor grant Defendants' request for a pre-motion conference and that Defendants be permitted to move to dismiss the Amended Complaint in its entirety.

                                                Respectfully submitted,

                                                /s/ MED

                                                Mary Ellen Donnelly

cc: Nancy Manz, *Pro Se* (via e-mail)