UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY MANZ,<br><br>        Plaintiff,<br><br> - against -<br><br>EILEEN GIAGRASSO, MANUELLA IGNACIO, PATRICE KELLY, MARY GOLDEN, LORI RAFFANIELLO, RICHARD MURPHY, and SOUTH NASSAU COMMUNITIES HOSPITAL,<br><br>        Defendants. | Case No. 18-cv-05171 (JFB) (AYS) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

                  **PUTNEY, TWOMBLY, HALL & HIRSON LLP**
                  521 Fifth Avenue
                  New York, New York 10175
                  (212) 682-0020

                  *Attorneys for Defendants*

Of Counsel: Mary Ellen Donnelly

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ....................................................................................1

**RELEVANT FACTS AND PROCEDURAL HISTORY** ...............................................1

**ARGUMENT**

    POINT I
    THE LEGAL STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS ............4

    POINT II
    PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM
    UNDER THE FEDERAL WIRETAP ACT AS A MATTER OF LAW .......................5

    POINT III
    PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO SUPPORT A
    NEW YORK LABOR LAW SECTION 741 CLAIM AS A MATTER OF LAW .......7

    POINT IV
    PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE
    OF RES JUDICATA...................................................................................................11

    POINT V
    THE FINAL DISCIPLINARY NOTICE AND SETTLEMENT
    AGREEMENT MAY BE CONSIDERED BY THE COURT IN
    DECIDING THIS MOTION TO DISMISS .............................................................12

**CONCLUSION** ..................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**                                                                  **Pages(s)**

*Arias v. Mut. Cent. Alarm Serv., Inc.*,
    202 F.3d 553 (2d Cir. 2000)..................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................4

*Baez v. Parks*,
    No. 02-cv-5821, 2004 WL 1052779 (S.D.N.Y. May 11, 2004) ...........................13

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007)........................................................................................4, 14

*Betancourt v. City of New York HRA/DSS*,
    No. 07-cv-2165, 2007 WL 2948345 (S.D.N.Y. Oct. 9, 2007)..............................12

*Briggs v. Am. Air Filter Co., Inc.*,
    630 F.2d 414 (5th Cir. 1980) ................................................................................6

*Conte v. Newsday, Inc.*,
    703 F. Supp. 2d 126 (E.D.N.Y. 2010) ...................................................................5

*De Jesus v. Sears, Roebuck & Co., Inc.*,
    87 F.3d 65 (2d Cir. 1996)................................................................................5, 10

*Dougherty v. Meml. Sloan-Kettering Cancer Ctr.*,
    No. 00-cv-4083, 2002 WL 1610916 (S.D.N.Y. July 22, 2002)..............................8

*Duran v. Kiley*,
    586 Fed. Appx. 598 (2d Cir. 2013)......................................................................11

*Epps v. St. Mary's Hosp.*,
    802 F.2d 412 (11th Cir. 1986) ..............................................................................6

*Freese v. Willa*,
    89 A.D.3d 795, 932 N.Y.S.2d 512 (2d Dep't 2011)..............................................9

*Gorzynski v. JetBlue Airways Corp.*,
    596 F.3d 93 (2d Cir. 2010)....................................................................................8

*Greenberg v. Bd. of Governors of Fed. Reserve Sys.*,
    968 F.2d 164 (2d Cir. 1992)................................................................................11

*Gregory v. Daly*,
    243 F.3d 687 (2d Cir. 2001)................................................................................................12

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)....................................................................................................4

*Holland v. JPMorgan Chase Bank, N.A.*,
    No. 19-cv-0233, 2019 WL 4054834 (S.D.N.Y. Aug. 28, 2019)..........................................11

*Janecka v. Franklin*,
    684 F. Supp. 24 (S.D.N.Y. 1987), *aff'd*, 843 F.2d 110 (2d Cir. 1988).....................................7

*Pipia v. Nassau County*,
    34 A.D.3d 664, 826 N.Y.S.2d 318 (2d Dep't 2006) ..............................................................9

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*,
    507 F.3d 117 (2d Cir. 2007)..................................................................................................4

*Quintanilla v. Suffolk Paving Corp.*,
    No. 09-cv-5331, 2019 WL 885933 (E.D.N.Y. Feb. 22, 2019) ..............................................8

*Reddington v. Staten Island Univ. Hosp.*,
    511 F.3d 123 (2d Cir. 2007)..................................................................................................9

*Ruhling v. Tribune Co.*,
    No. 04-cv-2430, 2007 WL 28283 (E.D.N.Y. Jan. 3, 2007)................................................10

*In re Scholastic Corp. Sec. Litig.*,
    252 F.3d 63 (2d Cir. 2001)....................................................................................................4

*Sira v. Morton*,
    380 F.3d 57 (2d Cir. 2004)..................................................................................................13

*Stoddard v. Eastman Kodak Co.*,
    309 F. App'x 475 (2d Cir. 2009)........................................................................................10

*Tantaros v. Fox News Network, LLC*,
    No. 17-cv-2958, 2018 WL 2731268 (S.D.N.Y. May 18, 2018) ...........................................5

*Varughese v. Mount Sinai Med. Ctr.*,
    No. 15-cv-8812, 2015 WL 1499618 (S.D.N.Y. Mar. 25, 2015)..........................................10

*Watkins v. L.M. Berry & Co.*,
    704 F.2d 577 (11th Cir. 1983) ...............................................................................................6

*White v. United States Postal Service*,
    No. 04-cv-0602, 2005 WL 408047 (E.D.N.Y. Feb. 16, 2005) ...........................................13


*Williams v. New York City Housing Auth.*,
 No. 19-cv-918, 2019 WL 1765081 (E.D.N.Y. Apr. 22, 2019) .................................................12

**Statutes**

18 U.S.C. § 2511(1)(b) ...................................................................................................................5

18 U.S.C. § 2520 ............................................................................................................................7

N.Y. Lab. Law § 741 .............................................................................................................. *passim*

N.Y. Lab. Law § 740 ......................................................................................................................8

**Other Authorities**

45 C.F.R. § 164.206(c) ...................................................................................................................9

45 C.F.R. § 164.501 .......................................................................................................................9

Fed. R. Civ. P. § 8(a)(2) .................................................................................................................4

Fed. R. Civ. P. § 12(b)(6) .....................................................................................................1, 4, 13

## PRELIMINARY STATEMENT

Defendants, South Nassau Communities Hospital (the "Hospital"), Eileen Giagrasso ("Ms. Giagrasso"), Manuela Ignacio ("Ms. Ignacio"), Patrice Kelly ("Ms. Kelly"), Mary Golden ("Ms. Golden"), Lori Raffaniello ("Ms. Raffaniello"), and Richard Murphy ("Mr. Murphy") (collectively, "Defendants"), by and through their attorneys, Putney, Twombly, Hall & Hirson LLP, submit this memorandum of law in support of Defendants' motion to dismiss Plaintiff Nancy Manz's ("Plaintiff") Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Amended Complaint is fatally deficient. Plaintiff has failed to allege sufficient facts to plausibly suggest that an electronic device was used to violate the Federal Wiretap Act ("FWA"). Plaintiff also cannot state a claim under New York Labor Law ("NYLL") Section 741 since she did not engage in any protected activity and has not and cannot allege any facts supporting a casual nexus between any allegedly protected activity and her layoff from her position with the Hospital. Finally, Plaintiff's claims are barred under the doctrine of res judicata because she executed a Settlement Agreement with the Hospital, releasing Defendants from all liability. Since Plaintiff cannot state any cognizable claims as a matter of law, her Amended Complaint should be dismissed in its entirety, with prejudice.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff commenced employment with the Hospital on March 5, 1990, as a per diem Registered Nurse. (Donnelly Dec. Ex. A).[1] On January 20, 2013, Plaintiff transferred to the position of a part-time Registered Nurse in the Post Anesthesia Care Unit ("PACU"). (*Id.*) As a Registered Nurse in PACU, Plaintiff was supervised by Nurse Managers, including Ms. Giagrasso,

---

[1] This statement of facts is taken from the Amended Complaint filed in this action (ECF No. 39), Plaintiff's motion papers (ECF Nos. 21, 27), and other documents incorporated by reference, which are annexed as exhibits to the Declaration of Mary Ellen Donnelly, Esq., dated February 6, 2020 (hereinafter referred to as "Donnelly Dec.").

Ms. Ignacio, and Ms. Kelly, who, among other things, are responsible for managing and coordinating patient care and ensuring that nurses in the PACU competently perform their job responsibilities, including addressing any and all care issues and following physicians' directions. (Donnelly Dec. ¶ 3).

During Plaintiff's employment with the Hospital, Plaintiff experienced numerous problems with the performance of her job responsibilities. Specifically, in early 2018, the Hospital received two patient complaints regarding Plaintiff's inappropriate behavior. (Donnelly Dec. ¶ 11, Ex. B). As a result of those complaints, the Hospital counseled Plaintiff regarding her violation of the Hospital's policies and standards on patient care. (Donnelly Dec. Ex. B). On June 1, 2018, the Hospital issued a Final Disciplinary Notice to Plaintiff. (Donnelly Dec. ¶ 10, Exs. A, B).

On June 20, 2018, Plaintiff was laid off from her position as part of a Hospital-wide reduction in force. (Donnelly Dec. ¶ 12, Ex. A). Plaintiff signed an agreement on August 3, 2018, releasing all her claims relating to her employment with the Hospital in exchange for severance benefits (the "Settlement Agreement"). (Donnelly Dec. ¶ 12, Ex. C).

Despite signing the Settlement Agreement, Plaintiff commenced this action on September 13, 2018, in the United States District Court, Eastern District of New York. (Donnelly Dec. ¶ 2). Plaintiff alleged that Ms. Giagrasso, Ms. Ignacio, and Ms. Kelly along with Ms. Raffaniello, the Director of Nursing, Ms. Golden, the Assistant Vice President of Human Resources, and Mr. Murphy, the President and CEO of the Hospital, (collectively, the "individual Defendants"), violated the FWA. (Donnelly Dec. ¶ 2). The individual Defendants filed an Answer on October 23, 2018. (Donnelly Dec. ¶ 4).

At the initial conference, on March 25, 2019, Plaintiff advised the Court of her intention to file an Amended Complaint. (Donnelly Dec. ¶ 5). The individual Defendants opposed Plaintiff's

request to amend her Complaint as futile because her proposed amendment could not assert any cognizable claims. (Donnelly Dec. ¶¶ 6, 7). On November 14, 2019, Magistrate Judge Shields granted in part Plaintiff's motion to add the Hospital as a defendant and add a claim pursuant to NYLL Section 741. (Donnelly Dec. ¶¶ 9, 10). Magistrate Judge Shields denied Plaintiff's request to add claims under the New York State Penal Law and United States Whistleblower Protection Act. (*Id.*). Plaintiff filed her Amended Complaint on November 18, 2019 (the "Amended Complaint"). (Donnelly Dec. ¶ 10, Ex. A).

Plaintiff's Amended Complaint alleges that on March 25, 2018, Ms. Giagrasso violated the FWA by allegedly listening "on an electronic device" to Plaintiff's conversations and to a doctor who was providing a telephonic post-operative report. (Donnelly Dec. Ex. A). Plaintiff claims she became aware of the "eavesdropping" on March 27, 2018 and reported it on April 2, 2018, during a meeting with Ms. Golden and Ms. Raffaniello (the "April 2, 2018 Meeting"). (*Id.*). Plaintiff asserts that during the April 2, 2018 Meeting, she also reported that Ms. Kelly, Ms. Ignacio, and Ms. Giagrasso had listened to other employees' conversations, but does not state how the alleged eavesdropping occurred, nor that she was a party to those conversations. (*Id.*). Plaintiff's Amended Complaint further asserts that Defendants retaliated against her by: (1) making unspecified and purportedly false allegations against her at a meeting on April 5, 2018; (2) presenting her with a Final Disciplinary Notice on June 1, 2018, based upon two patient complaints about Plaintiff's inappropriate workplace behavior; and (3) laying her off as part of a Hospital-wide reduction in force on June 20, 2018. (Donnelly Dec. Exs. A, B, C).

# ARGUMENT

## POINT I

### THE LEGAL STANDARD FOR A RULE 12(b)(6) MOTION TO DISMISS

Plaintiff's Amended Complaint fails to state any claim upon which relief may be granted and must be dismissed as a matter of law. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must set forth sufficient factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. at 679; Fed. R. Civ. P. 8(a)(2). A plaintiff's mere conclusions "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679; *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (holding that while "a court must accept as true all of the allegations contained in a pro se complaint, that tenant is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (internal citations omitted). The conclusory allegations in Plaintiff's Amended Complaint are insufficient to state any claim as a matter of law.

Plaintiff's Amended Complaint is also deficient as a matter of law since it fails to set forth sufficient factual detail to plausibly establish the requisite elements of her claims. *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007). Rather, the Amended

4

Complaint merely states conclusory allegations which are insufficient to withstand a motion to dismiss. *See De Jesus*, 87 F.3d at 70 (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions" were not sufficient to withstand a motion to dismiss). Accordingly, Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice.

## POINT II

### PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM UNDER THE FEDERAL WIRETAP ACT AS A MATTER OF LAW

Plaintiff's conclusory allegations lack any specific factual details demonstrating that Defendants used an electronic or mechanical device in violation of the FWA. The FWA prohibits a person from intentionally using or endeavoring to use "any electronic, mechanical, or other device to intercept any oral communication" when such use "takes place on the premises of any business . . . which affect[s] interstate or foreign commerce." 18 U.S.C. § 2511(1)(b); *see Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 140 (E.D.N.Y. 2010). A plaintiff's threadbare allegation that a defendant used electronic audio surveillance is insufficient to state a claim under the FWA. *See Tantaros v. Fox News Network, LLC*, No. 17-cv-2958, 2018 WL 2731268 (S.D.N.Y. May 18, 2018). In *Tantaros*, a former employee alleged that Fox News Network, LLC ("Fox News") hacked her computer and cellphone, and electronically surveilled her at work using "audio and . . . hidden cameras." *Id*. at *9. The employee claimed that Fox News then used the intercepted communications to harass her. *Id*. The court dismissed the employee's complaint, finding that the employee's generalized allegations of audio and other electronic surveillance were insufficient to state a FWA claim. *Id*. Similarly, Plaintiff alleges that Ms. Giagrasso "listened on an electronic device" and that "audio surveillance" was used by Ms. Kelly, Ms. Ignacio and Ms. Giagrasso. (Donnelly Dec. Ex. A). Plaintiff's Amended Complaint is devoid of any foundational details regarding her belief that Defendants conducted audio or electronic surveillance in violation of the

5

FWA. (*See id*.). These vague allegations are insufficient to state a claim for a violation of the FWA and Plaintiff's claim should be dismissed as a matter of law.

Furthermore, Plaintiff cannot state a claim under the FWA because the conduct alleged by Plaintiff, even if true, falls within the FWA's business extension exception. Pursuant to the business extension exception, an interception through the use of a device does not violate the FWA if: (1) the interception occurred through the use of "any telephone or telegraph instrument, equipment or facility, or any component thereof;" (2) the device was furnished to the Hospital "by a communications common carrier in the ordinary course of its business," and (3) the interception occurred "in the ordinary course of its business." *Id*. Courts have found that the "ordinary course of business" element is satisfied when the interception is used to determine whether employees' communications are personal or business related, are made and/or received in violation of the employer's policy, or concern customer interactions, employee relations, or other matters concerning a working environment. *See, e.g.*, *Arias v. Mut. Cent. Alarm Serv., Inc.*, 202 F.3d 553, 554 (2d Cir. 2000) (finding the interception of employees' personal conversations was permissible when monitoring was necessary to verify customer claims and provide records to police); *Watkins v. L.M. Berry & Co.*, 704 F.2d 577, 583 (11th Cir. 1983); *Briggs v. Am. Air Filter Co., Inc.*, 630 F.2d 414, 420 (5th Cir. 1980). Notably, the interception of employee conversations, including telephone conversations between co-workers disparaging supervisors, falls within the business extension exception. *See Epps v. St. Mary's Hosp.*, 802 F.2d 412, 17 (11th Cir. 1986).

The communications identified by Plaintiff are exactly the types of communications covered under the FWA's business exception. It is the responsibility of managerial employees to ensure that the employees under their supervision are competently performing their job responsibilities, addressing any and all patient care issues, and following physician orders and

6

directions. Ms. Giagrasso, Ms. Ignacio, and Ms. Kelly, who Plaintiff accuses of listening to her conversations, are Nurse Managers at the Hospital. (Donnelly Dec. ¶ 2). As Nurse Managers, they are responsible for ensuring that nurses perform their duties properly and supervising relations between nurses and patients. Additionally, Ms. Raffaniello, the Director of Nursing, and Ms. Golden, the Assistant Vice President of Human Resources, are responsible for overseeing the Hospital's work environment, including interactions among employees, and between employees and patients. (*Id*.). Even if Plaintiff's allegations were true, Defendants' conduct was permissible as they were not only acting within the ordinary course of business, but were, in fact, performing their job responsibilities to ensure appropriate patient care and patient interactions. Therefore, Plaintiff's allegations simply cannot sustain a claim for violation of the FWA and must be dismissed.

Plaintiff also lacks standing to bring claims of alleged violations of the FWA committed against other individuals. *Janecka v. Franklin*, 684 F. Supp. 24, 26-27 (S.D.N.Y. 1987), *aff'd*, 843 F.2d 110 (2d Cir. 1988) (holding that a plaintiff only has standing to allege an FWA violation of her own personal rights); *see* 18 U.S.C. § 2520. Plaintiff claims Defendants listened to the conversations of other employees and a doctor's telephonic post-operative report. (Donnelly Dec. Ex. A). Plaintiff has not alleged that she was a party to these conversations. (*Id*.). Since Plaintiff's rights were not impacted by these purported violations, she lacks standing to pursue an FWA claim based on these alleged facts.

## POINT III

### PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO SUPPORT A NEW YORK LABOR LAW SECTION 741 CLAIM AS A MATTER OF LAW

Plaintiff's retaliation claim under NYLL Section 741 is also deficient as a matter of law. To state a claim under NYLL Section 741, Plaintiff must allege that: (1) she participated in a

7

protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between her engaging in the protected activity and the adverse employment action. *See Dougherty v. Meml. Sloan-Kettering Cancer Ctr.*, No. 00-cv-4083, 2002 WL 1610916 (S.D.N.Y. July 22, 2002) (analyzing a NYLL Section 740 retaliation claim); *see also Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 110 (2d Cir. 2010); *Quintanilla v. Suffolk Paving Corp.,* No. 09-cv-5331, 2019 WL 885933, at *19 (E.D.N.Y. Feb. 22, 2019) (applying the Title VII retaliation standards to NYLL claims). Plaintiff is unable to plead each element of NYLL Section 741 claim and such claim must, therefore, be dismissed.

Plaintiff has not and cannot allege any facts that plausibly suggest that she participated in any protected activity under NYLL Section 741. NYLL Section 741 provides, in pertinent part, that employers are prohibited from retaliating against an employee who:

> a) discloses or threatens to disclose to a supervisor, or to a public body an activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care; or
>
> b) objects to, or refuses to participate in any activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care.

N.Y. Lab. Law § 741(2). Plaintiff did not engage in any protected activity under NYLL Section 741 since she did not report or disclose any improper quality of patient care.

Under NYLL Section 741, improper quality of patient care is defined as "any practice, procedure, action or failure to act of an employer which violates any law, rule, regulation or declaratory ruling adopted pursuant to law, where such violation relates to matters which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient." N.Y. Lab. Law § 741(1)(d). Plaintiff alleges that Ms. Giagrasso, Ms. Kelly, and Ms. Ignacio eavesdropped on her and other employees' conversations and that Ms.

8

Giagrasso listened to a doctor's telephonic post-operative report, conduct which falls soundly within the job responsibilities of supervisors who are charged with overseeing the job performance and working relationships of medical staff. (*See* Donnelly Dec. Ex. A). Plaintiff claims that she reported this conduct to Ms. Raffaniello and Ms. Golden, Assistant Vice President, Human Resources Department. (Donnelly Dec. ¶ 2, Ex. A). However, none of the conduct of which Plaintiff complained demonstrates any substantial threat to public health or safety or the health of a patient. *Pipia v. Nassau County*, 34 A.D.3d 664, 666, 826 N.Y.S.2d 318, 319-20 (2d Dep't 2006) (dismissing NYLL Sections 740 and 741 claims when the violation "did not pose a substantial and specific danger to the public health"); *Freese v. Willa*, 89 A.D.3d 795, 932 N.Y.S.2d 512 (2d Dep't 2011) (affirming dismissal when "the complaint does not allege a violation which would threaten the health or safety of the public at large").[2] While Plaintiff alleges that Ms. Giagrasso's eavesdropping violated the Health Insurance Portability and Accountability Act ("HIPAA"), a Nurse Manager's access to such information as part of the Hospital's operations was permissible as hospital personnel may access, use, or disclose protected health information as part of the Hospital's health care operations, including "case management and care coordination," "customer service," and "business management and general administrative activities." *See* 45 C.F.R. § 164.206(c); 45 C.F.R. § 164.501 (defining "health care operations"). Moreover, Plaintiff does not allege that Ms. Giagrasso accessed any patient health records or other personal, identifiable information. (Donnelly Dec. Ex. A). The only allegation asserted by Plaintiff is that Ms. Giagrasso listened to a doctor providing a diagnosis to a patient over the telephone, which clearly falls within the Hospital's operations and her supervisory duties. Simply put, there was no HIPAA violation, nor one that posed a substantial and specific danger to public health or a specific patient.

---

[2] A federal court may rely on state court appellate decisions in deciding issues of state law. *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 123, 133 (2d Cir. 2007).

9

Accordingly, because Plaintiff did not report an improper quality of patient care, her conduct was not protected, and she has failed to state a claim under NYLL Section 741.

Plaintiff's NYLL Section 741 claim is also deficient since she cannot demonstrate any nexus between any allegedly protected activity and her layoff from her employment as part of a Hospital-wide reduction in force. To state a NYLL Section 741 claim, a plaintiff must allege "some causal connection between an adverse personnel action and a report of dangerous activity." *Varughese v. Mount Sinai Med. Ctr.*, No. 15-cv-8812, 2015 WL 1499618, at *67-68 (S.D.N.Y. Mar. 25, 2015). Plaintiff vaguely asserts that Defendants made false, unspecified allegations against her. (Donnelly Dec. Ex. A). Plaintiff also inexplicably claims that the disciplinary action she received was without basis in fact, despite the Hospital's receipt of two patient complaints about Plaintiff's inappropriate conduct. (*Id.*). These conclusory allegations are insufficient to state a claim under NYLL Section 741. *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996).

Moreover, Plaintiff's position was eliminated as part of a Hospital-wide reduction in force. (Donnelly Dec. ¶ 12, Ex. C). The temporal proximity between Plaintiff's reporting and the Hospital-wide layoffs more than two months later does not establish a causal connection indicative of retaliation. *Stoddard v. Eastman Kodak Co.,* 309 F. App'x 475, 480 (2d Cir. 2009) (finding no causal connection between plaintiff's protected activity and the elimination of her position where the alleged protected activity took place two months prior); *see Ruhling v. Tribune Co.,* No. 04-cv-2430, 2007 WL 28283, at *23 (E.D.N.Y. Jan. 3, 2007) (same) (collecting cases). Plaintiff's reliance on guesswork and unsupported conclusions is insufficient to plausibly establish a causal nexus between her alleged protected activity and layoff. Accordingly, Plaintiff's NYLL Section 741 claim should be dismissed as a matter of law.

## POINT IV

## **PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA**

The allegations in Plaintiff's Amended Complaint are also barred by claim preclusion. The doctrine of res judicata precludes a party from relitigating an issue that was or could have been raised in a previous action. *Duran v. Kiley*, 586 Fed. Appx. 598 (2d Cir. 2013). This doctrine applies to settlement agreements as well as judicial decisions. *Greenberg v. Bd. of Governors of Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir. 1992). "The preclusive effect of a settlement is measured by the intent of the parties to the settlement," based on the language of the agreement itself. *Id.*; see *Holland v. JPMorgan Chase Bank, N.A.*, No. 19-cv-0233, 2019 WL 4054834, at *11 (S.D.N.Y. Aug. 28, 2019). Plaintiff's claims are precluded and must be dismissed because she signed the Settlement Agreement.

The clear language of the Settlement Agreement precludes Plaintiff from pursuing her employment-based claims. The Settlement Agreement states that Plaintiff "expressly waives [her] right to bring or pursue any lawsuit, grievance, arbitration or administrative proceeding, upon any claims [she] may have or has had against the Hospital, regarding any matter arising on or before the date of Employee' [sic] execution of this Separation Agreement and General Release, including claims with respect to [her] employment with and/or separation of employment from the Hospital." (Donnelly Dec. Ex. C). The Settlement Agreement further states that Plaintiff "acknowledges and understands that by executing this Agreement [she] cannot in the future file any claim, grievance and/or demand for arbitration or bring any action, lawsuit, charge or proceeding with any federal, state or local court or agency against the Hospital, including any claims [she] may have . . . against the Hospital arising from [her] employment with, and separation of employment from the Hospital." (*Id.*). This language elucidates Plaintiff and Defendants' agreement to settle all liability

with respect to any claims arising from Plaintiff's employment, including the claims asserted in the Amended Complaint. Plaintiff signed the Settlement Agreement on August 3, 2018, and then filed this lawsuit on September 13, 2018. (Donnelly Dec. ¶¶ 2, 12, Ex. C). Since Plaintiff executed the Settlement Agreement before filing this action, and the Settlement Agreement clearly bars her claims under the doctrine of res judicata, the Amended Complaint should be dismissed in its entirety, with prejudice.

## POINT V

**THE FINAL DISCIPLINARY NOTICE AND SETTLEMENT AGREEMENT MAY BE CONSIDERED BY THE COURT IN DECIDING THIS MOTION TO DISMISS**

The Court may consider the Final Disciplinary Notice and Settlement Agreement in deciding Defendants' motion to dismiss since these documents are referenced in Plaintiff's Amended Complaint and motion papers. In deciding a motion to dismiss, a court may consider any documents: (1) attached to the pleadings; (2) incorporated by reference; or (3) that are "integral" to a plaintiff's claims, even if the documents are not explicitly referenced. *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (treating factual allegations in an affidavit submitted to the Equal Employment Opportunity Commission as part of a plaintiff's pleadings); *Williams v. New York City Housing Auth.*, No. 19-cv-918, 2019 WL 1765081, at *2 (E.D.N.Y. Apr. 22, 2019) (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)); *Betancourt v. City of New York HRA/DSS*, No. 07-cv-2165, 2007 WL 2948345, at *2 (S.D.N.Y. Oct. 9, 2007). Plaintiff's NYLL Section 741 claim is founded, in part, on a disciplinary notice she received on June 1, 2018. (Donnelly Dec. ¶ 11, Exs. A, B). In the Amended Complaint, Plaintiff references the disciplinary notice and the circumstances under which she received that notice. (Donnelly Dec. Ex. A). Therefore, the Final Disciplinary Notice has been incorporated by reference and may be considered in deciding

Defendants' motion to dismiss. *See Sira*, 380 F.3d at 67 (finding documents to be incorporated by reference when explicitly mentioned in the complaint).

      Similarly, the Settlement Agreement referenced in Plaintiff's motion papers may be considered in deciding Defendants' motion to dismiss. In following the mandate to liberally construe a pro se plaintiff's pleadings, courts may consider factual allegations in other materials filed by the plaintiff to supplement the allegations in the complaint. *White v. United States Postal Service*, No. 04-cv-0602, 2005 WL 408047 (E.D.N.Y. Feb. 16, 2005) (considering a settlement agreement addressed in a pro se plaintiff's opposition papers when deciding a Rule 12(b)(6) motion to dismiss); *Baez v. Parks*, No. 02-cv-5821, 2004 WL 1052779, at *3 (S.D.N.Y. May 11, 2004) (collecting cases). Plaintiff expressly referenced the Settlement Agreement in her reply in further support of her motion to amend her complaint. (Donnelly Dec. ¶ 12, Ex. C). Plaintiff's direct reference provides a sufficient basis for the Court to consider the Settlement Agreement in deciding Defendants' motion to dismiss.

## **CONCLUSION**

For the forgoing reasons, Defendants respectfully request that this motion to dismiss be granted in all respects, that the Amended Complaint be dismissed in its entirety, with prejudice, and that the Defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         February 6, 2020

                                                    Respectfully submitted,

                                                     /s/ MED
                                                    Mary Ellen Donnelly
                                                    **PUTNEY, TWOMBLY, HALL & HIRSON LLP**
                                                    521 Fifth Avenue
                                                    New York, New York 10175
                                                    *Attorneys for Defendants*